FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SEP 0 8 2005

JAMES R. LARSEN, CLERK
_____ DEPUTY
YAKIMA, WASHINGTON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,           )
                                    )
                    Plaintiff,      )    No. CR-04-2159-AAM
                                    )
        v.                          )    **ORDER DENYING**
                                    )    **MOTION FOR DOWNWARD**
RICHARD LYNN SWIHART,               )    **DEPARTURE**
                                    )
                    Defendant.      )
_____)

**THIS MATTER** came on for sentencing on September 6, 2005.  James P. Hagarty, Esq.,
Assistant U.S. Attorney, appeared for the plaintiff.  Gregory L. Scott, Esq., appeared for the
defendant.  Defendant was sentenced to a term of imprisonment of 99 months based, in part, on
an advisory guideline range of 84-105 months arrived at by a total adjusted offense level of 23
and a Criminal History Category of V.   The total adjusted offense level reflects a three level
reduction for acceptance of responsibility pursuant to USSG §3E1.1 and a two level reduction for
waiver of appeal rights.

Prior to sentencing, defendant filed a Motion For Downward Departure (Ct. Rec. 59).
That motion is **DENIED** for reasons articulated in open court and memorialized herein.

**"Minimal Participant"**

Defendant asserts that pursuant to USSG §3B1.2, he should also be given a four (4) level
reduction for being a "minimal participant" in the criminal activity.  A "minor" participant gets a
two (2) level reduction.

"[A]n adjustment under this guideline may not apply to a defendant who is the only
defendant convicted of an offense unless that offense involved other participants in addition to

**ORDER DENYING MOTION**
**FOR DOWNWARD DEPARTURE-       1**

the defendant and the defendant otherwise qualifies for such an adjustment." Application Note 2 to USSG §3B1.2. The "minimal participant" designation applies to a defendant "who plays a minimal role in **concerted** activity" and "is intended to cover defendants who are plainly among the least culpable of those involved in the **conduct of a group**." Application Note 4. (Emphasis added).

Defendant asserts that he was a "minimal participant" as compared to John Morehead, who is also charged with Possession Of A Firearm By A Prohibited Person (CR-04-2158-AAM), and who will be tried by a jury in this court on September 13. According to defendant:

> Here, it is clear from the reports of law enforcement that Mr. Morehead is the individual who burglarized houses and stole the firearms involved in this offense. It is further clear that he stole other firearms and that he had already gotten rid of them before Mr. Swihart had any involvement whatsoever in this crime. Mr. Swhihart acted only as a [courier] and middleman in this case. He returned the money to Mr. Morehead and was only involved in these events for a very short time.

Defendant is not charged with burglarizing houses and stealing firearms, nor is he charged with engaging in some type of concerted or conspiratorial activity with Morehead. He is charged with, and has pled guilty to, Possession Of A Firearm By A Prohibited Person. He was not a "minimal  participant" (or even a "minor participant") in that crime. Plaintiff agrees the government could prove beyond a reasonable doubt that "he had obtained 4 firearm[s] from John Morehead, which he knew to be stolen, and admitted that he had sold one of the firearms . . . ." (Plea Agreement, Ct. Rec. 49 at Paragraph 6). Morehead is also charged with Possession Of A Firearm By A Prohibited Person, but that does not in any way diminish the fact that defendant also possessed firearms which he was not supposed to have because of his previous felony conviction in Snohomish County Superior Court on June 18, 1999 for Delivery of a Controlled Substance.

Accordingly, there is no basis for a downward departure on the basis that defendant was either a "minimal" or "minor" participant.

//

//

**ORDER DENYING MOTION
FOR DOWNWARD DEPARTURE-    2**

**Firearms and Ammunition Used For Lawful Sporting Purposes**

USSG §2K2.1(b)(2) states:

> If the defendant, other than a defendant subject to subsection(a)(1), (a)(2), (a)(3), (a)(4), or (a)(5), possessed all ammunition and firearms solely for lawful sporting purposes or collection, and did not unlawfully discharge or otherwise unlawfully use such firearms or ammunition, decrease the offense level determined above to level **6**.

As defendant concedes, under the guidelines alone, he is not entitled to the benefit of this provision because he is subject to subsection (a)(2) (USSG §2K2.1(a)(2)) which, as recognized by the Plea Agreement, starts him out with a base offense level of 24 because "the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." Nevertheless, defendant asserts he should get the benefit of §2K2.1(b)(2) through 18 U.S.C. §3553(a) which requires the court to consider the nature and circumstances of the offense and the seriousness of the offense. According to defendant, "the firearms involved were all sporting firearms" and "[b]y all indications, they were sold to individuals who had no purpose or intent for those firearms other than lawful sporting purposes." Defendant requests a six (6) level reduction based on §2K2.1(b)(2).

Whether or not the firearms were sporting firearms is of no consequence. This defendant possessed these firearms subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense. If the defendant is not entitled to the benefit of §2K2.1(b)(2) under a mandatory application of the guidelines, the court fails to see why he should he be entitled to the benefit of it under an advisory application pursuant to 18 U.S.C. §3553(a). §2K2.1(b)(2) does not apply to defendants like Mr. Swihart for an obvious reason. Convicted felons represent a danger when they possess firearms, regardless of whether they are "sporting firearms." Moreover, §2K2.1(b)(2) refers to the **defendant** possessing the firearms solely for lawful sporting purposes or collection. There is no evidence of that here. Defendant knew the firearms had been stolen and he sold one of them. Furthermore, even if the intent of the individual to whom defendant sold the one firearm was relevant, there is no actual evidence that this individual intended to use the weapon for "lawful sporting purposes."

**ORDER DENYING MOTION**
**FOR DOWNWARD DEPARTURE-    3**

1    There is no basis for a reduction of the offense level pursuant to §2K2.1(b)(2).

2

3    **Criminal History**

4    In the Plea Agreement, Paragraph 9(d) states:

5    The United States and the Defendant believe that the Defendant's
     Criminal History Category is V. The parties understand that the
6    Court will ultimately determine the Defendant's Criminal History
     Category, after the Presentence Investigative Report is completed.
7    Should the parties have objections to the Presentence Investigation
     Report criminal history calculations, the parties are not precluded
8    from making such objections under this agreement.

9    The pre-sentence report concludes that defendant's Criminal History Category is indeed

10   V. Defendant's counsel offered no objection to the criminal history calculation prior to his

11   "Motion For Downward Departure" filed on August 31, just a few days before sentencing. The

12   pre-sentence report was completed on June 27, 2005, in anticipation of sentencing on July 28,

13   2005. Upon the motion of defense counsel, sentencing was continued from July 28 to September

14   6. Defense counsel's motion to continue sentencing was filed on July 8 and in that motion (Ct.

15   Rec. 55), counsel said he would be out of the country and out of the state until July 26. As of

16   August 26, 2005, when the probation officer completed her Addendum to the Presentence

17   Report, she had not received any objections from defense counsel. Accordingly, the probation

18   officer had no opportunity to address the objections to the criminal history calculation now

19   contained in defendant's motion. The court fails to see any basis for the failure to present these

20   objections to the officer sooner than August 26 so that she could consider them in calculating

21   defendant's criminal history points. For that reason, the objections will not be considered by the

22   court.

23   //

24   //

25   //

26   //

27   //

28   //

**ORDER DENYING MOTION**
**FOR DOWNWARD DEPARTURE-       4**

1   **III. CONCLUSION**

2      Defendant's Motion For Downward Departure (Ct. Rec. 59) is **DENIED**.

3      **IT IS SO ORDERED.** The District Executive shall forward copies of this order to

4   counsel.

5      **DATED** this _____8____ of September, 2005.

6

7                          ALAN A. McDONALD
                    Senior United States District Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER DENYING MOTION
FOR DOWNWARD DEPARTURE-      5**